UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOUNTAIN WEST MINES, INC., et al. ) | |
| ) | Case No. 1:08-CV-01929 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| CLEVELAND-CLIFFS INC., ) | |
| ) | |
| Defendant. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

On August 11, 2008, plaintiffs Mountain West Mines, Inc. ("Mountain West") and Joseph P. Hubert ("Hubert") filed the instant action against Cleveland-Cliffs Inc. ("Cleveland-Cliffs") for an accounting, breach of contract, unjust enrichment, and misappropriation of trade secrets. Now pending before this court is the defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, to transfer the case to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404(a) [Doc. No. 15].  For the reasons set forth below, this court transfers this case to the United States District Court for the District of Wyoming.

**I.    Background Facts**

Mountain West is a Nevada corporation with its principal place of business in Duluth, Minnesota.  Cleveland-Cliffs is an Ohio corporation with its principal place of business in Cleveland, Ohio. Both Mountain West and Cleveland-Cliffs are qualified to do business in Wyoming.  Hubert is an officer of Mountain West, a geologist, and a mining consultant who worked with Cleveland-Cliffs on mining exploration matters.

On May 17, 1967, Mountain West and Cleveland-Cliffs entered into an "Option and Agreement" relating to land in Wyoming's Powder River Basin. According to the Option and Agreement, Cleveland-Cliffs obtained the option to acquire various mining rights and surface rights in exchange for payments to Mountain West, including percentage royalty payments on uranium production. In addition, Cleveland-Cliffs agreed to convey a 2.5 percent royalty interest to Mountain West on any additional lands that Cleveland-Cliffs acquired in the Powder River Basin. The agreement provided that Cleveland-Cliffs would give Mountain West prior written notice of any assignment of these rights and that any assignment would not relieve Cleveland-Cliffs of its obligation to pay Mountain West the minimum royalties. The agreement also required that Cleveland-Cliffs provide Mountain West with all of its exploration data and annual reports on its exploration program. Cleveland-Cliffs exercised its option on May 14, 1969.

Mountain West and Hubert claim that Cleveland-Cliffs did not provide them with prior written notice of Cleveland-Cliffs' assignment of its rights. They also claim that the assignments did not relieve Cleveland-Cliffs of its responsibilities under the Option and Agreement, and that Cleveland-Cliffs failed to make its exploration data available to them or provide them with annual reports.

On April 22, 2004, Mountain West brought a related case before the United States District Court for the District of Wyoming on claims for (1) breach of contract; (2) breached of fiduciary duty; (3) accounting; (4) declaratory relief; and (5) conversion. The Wyoming district court granted Cleveland-Cliffs' motion for summary judgement, finding, *inter alia*, that royalty payments were not due to Mountain West because uranium production had not yet begun on the relevant lands. The United States Court of Appeals for the Tenth Circuit affirmed the Wyoming district court's decision.

On August 11, 2008, Mountain West and Hubert filed the instant complaint against Cleveland-Cliffs, alleging similar facts and events as those at issue in the Wyoming litigation. On November 19, 2008, Cleveland-Cliffs filed a motion arguing that the plaintiffs' claims should be dismissed for various reasons, including the doctrine of res judicata. Furthermore, Cleveland-Cliffs argues that any claims not dismissed should be transferred to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404(a).

**II.     Transfer Pursuant to 28 U.S.C. § 1404(a)**

Even where personal jurisdiction and venue are proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *see also Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F. 3d 531, 537 (6th Cir. 2002) (noting that "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness"). Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**III.    Discussion**

First, 28 U.S.C. § 1404(a) requires that this case could "have been brought" in the District of Wyoming. "A transferee court may receive a case if (1) it has subject matter jurisdiction; (2) venue is proper; and (3) the defendant is amenable to process it issues." *DeMoss v. First Artists Prod. Co.*, 571 F. Supp. 409, 412-13 (N.D. Ohio 1983). There is no question, and both parties agree, that this case could have been brought in the District of Wyoming.

Next, the court must determine if transfer is proper for the convenience of the parties, or is otherwise in the interest of justice. This court must balance several case-specific factors, including both

the private interests of the parties as well as public interest concerns. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Mountain West and Hubert contend that their choice of forum in the Northern District of Ohio should be respected because the convenience of the parties and witnesses is not served by transferring the case to the District of Wyoming. Specifically, they argue that venue in Ohio is both proper and convenient because Cleveland-Cliffs is an Ohio corporation. In general, this court gives deference to a plaintiff's choice of forum, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir.1989) (quoting *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Substantially less deference, however, is afforded when the forum preferred by a plaintiff is not his home forum. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981). Here, Mountain West and Hubert have not chosen to bring this suit in either of their home forums, so their choice of forums warrants less deference by this court. They and their witnesses will not be burdened by litigating in the District of Wyoming, as is evidenced by Mountain West's choice of Wyoming as the forum for its earlier litigation. Cleveland-Cliffs prefers to litigate the case in the District of Wyoming because the events giving rise to the complaint occurred in Wyoming and many of its witnesses are located in Wyoming. On balance, the convenience of the parties weighs in favor of transferring this case to the District of Wyoming pursuant to 28 U.S.C. § 1404(a).

Mountain West also argues that transfer is unwarranted because the district court in Wyoming would allegedly apply Ohio law. In transferring a case, a court may consider "the familiarity of the trial judge with the applicable state law." *North Am. Demolition Co. v. FMC, Corp.*, No. 5:05-cv-0104, 2005 WL 1126747, at *2 (N.D. Ohio Apr. 28, 2005). The public interest concerns "include the issues of

congested dockets, concerns with resolving controversies locally, and . . . having the trial in a forum that is at home with the state law that must govern the case." *Wm. R. Hague, Inc. v. Sandburg*, 468 F.Supp.2d 952, 963 (N.D. Ohio 2006) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S 501, 508-509 (1947)). In general, there is a clear advantage in having a district court apply the law of the state in which it sits. "Where the question of state law is not complex, however, this factor should be given little or no weight." *Steelcase, Inc. v. Mar-Mol Co.*, 210 F.Supp.2d 920, 941 (W.D. Mich. 2002). Here, the plaintiffs' claims do not involve complex questions of state law. The potential application of Ohio law by the Wyoming district court, therefore, is afforded little weight in this court's decision.

Cleveland-Cliffs argues that the case should be transferred because the District of Wyoming has already adjudicated similar facts and issues between these parties. Courts have transferred cases pursuant to 28 U.S.C. § 1404(a) when the transferee court is already familiar with the facts and legal issues stated in the complaint. The D.C. Circuit noted that "[i]n fleshing out the phrase 'for the convenience of the parties in the interest of justice,' the courts have considered . . . whether one circuit is more familiar with the same parties and issues or related issues than other courts . . . ." *Oil, Chemical & Atomic Workers Local Union No. 6-418 v. NLRB*, 694 F.2d 1289, 1300 (D.C. Cir. 1982). The District of Wyoming and the Tenth Circuit are substantially more familiar with the parties, facts, and issues than either this court or the Sixth Circuit. Moreover, the District of Wyoming "is in the best position to determine which claims or issues in the instant complaint are precluded by its own decision." *Reiffin v. Microsoft Corp.,* 104 F.Supp.2d 48, 57 (D.D.C. 2000); *see also Accord Sykes v. Eckankar*, No. C 98-0858, 1998 WL 296368, *1 (N.D. Cal. June 1, 1998) ("Defendants have made a colorable claim that the principles of res judicata apply to plaintiff's present action, based on a recently-dismissed case, also filed by plaintiff, with similar facts . . . .  [I]n light of . . . the interests of justice in having defendants'

claim of res judicata decided by a judge with knowledge of the previous litigation between the parties, the Court grants defendants' motion to transfer."). These considerations of judicial economy weigh heavily in favor of transfer pursuant to 28 U.S.C. § 1404(a). With only the potential application of Ohio law to support the plaintiffs' argument against transfer, the scales are easily tipped in favor of transfer pursuant to 28 U.S.C. § 1404(a).

**IV.     Conclusion**

For the reasons set forth above, the court orders the clerk of this court to transfer this case to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404(a).

This order is final but not appealable.

IT IS SO ORDERED.

                                                                     */s/ Ann Aldrich*
                                                                    ANN ALDRICH
                                                                    UNITED STATES DISTRICT JUDGE

**Dated: February 13, 2009**